IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**CHRISTOPHER LEE GUNKEL,**

      **Defendant.**

Case No. 16-CR-061-JFH

## OPINION AND ORDER

Before the Court is Defendant Christopher Lee Gunkel's ("Defendant") Motion for Compassionate Release ("Motion") filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. No. 47. In his Motion, Defendant argues that extraordinary and compelling reasons exist that warrant either a reduction of his sentence to credit for time served, or to have the remainder of his sentence converted to an additional term of supervised release. *Id*. The Court has previously found that Defendant has exhausted his administrative remedies, giving this Court jurisdiction to consider his Motion. *See* Dkt. No. 49 at 1. The United States of America (the "Government") has filed a Response in Opposition to Defendant's Motion. Dkt. No. 50. For the reasons set forth below, Defendant's Motion [Dkt. No. 47] is **denied**.

## BACKGROUND

On June 17, 2016, Defendant plead guilty to Counts 1 and 4 of the Indictment, charging him with Sexual Exploitation of a Child, in violation of 18 U.S.C. §§ 2251(a) and 2251(e) (Count 1), and Extortion, in violation of 18 U.S.C. § 875(d) (Count 4). Dkt. No. 19. On May 3, 2017, United States District Court Judge James H. Payne sentenced Defendant to a term of imprisonment of 180 months as to Count 1 and 24 months as to Count 4, to run concurrently, each with the other.

Dkt. No. 39 at 2.  The Court further imposed a five-year term of supervised release as to Count 1 and a one-year term of supervised release as to Count 4, to run concurrently, each with the other. *Id*. at 3.  Defendant was also ordered to pay a $200 assessment.  *Id*. at 7.  Defendant is currently imprisoned at Yazoo City-Low federal correctional facility and has a presumptive release date of June 4, 2029.  Dkt. No. 47 at 2.

## STANDARD OF LAW

The Tenth Circuit has adopted a three-step test for considering motions for compassionate release.  *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)).  The first step requires the Court to determine, at its discretion, whether "extraordinary and compelling reasons" exist to warrant a sentence reduction. *Id*.  The second step requires that the Court find whether such reduction is consistent with applicable policy statements issued by the United States Sentencing Commission.  *Id*.  The third step requires the Court to consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction authorized by steps one and two is warranted under the particular circumstances of the case.  *Id*.  The Court must address all three steps when granting such motion. *Maumau*, 993 F.3d at 831, n.4 (citing *United States v. Navarro,* 986 F.3d 668, 670 (6th Cir. 2021)). However, at step two, "the Sentencing Commission's existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants." *Maumau*, 993 F.3d at 834.  Thus, "USSG § 1B1.13 is not presently an 'applicable' policy statement that controls the definition of 'extraordinary and compelling reasons' when a prisoner initiates a § 3582(c)(1)(A) proceeding."  *United States v. Carr*, 2012 WL 1400705, at *1 (10th Cir. Apr. 14, 2021).  Finally, if the Court finds that any of the three prerequisite steps are lacking, the Court may

deny the compassionate release motion without addressing the additional steps. *Maumau*, 993 F.3d at 838 n.4. (citing *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)).

## ANALYSIS

As to step one, the Court must determine, in its discretion, whether "extraordinary and compelling reasons" exist to warrant a sentence reduction. *Maumau*, 993 F.3d at 831. Defendant argues that his sentence should be reduced or otherwise altered for the following "extraordinary and compelling reasons": (1) a serious physical or medical condition; (2) a serious functional or cognitive impairment; (3) deteriorating physical or mental health because of the aging process, that substantially diminishes his ability to provide self-care within the environment of a correctional facility; and (4) "the looming risk of severe illness even death from contracting the Covid-19 virus or one of its mutations after having taken the vaccination and at least one booster shot . . . ." Dkt. No. 47 at 10. In summary, Defendant argues that his underlying medical conditions, coupled with the risk of exposure to Covid-19, justify the relief sought in his Motion. *Id*.

Defendant's medical records indicate that he is thirty-six (36) years old and suffers from hearing and dental conditions, hypertension, and chronic rhinitis. Dkt. No. 47 at 19-77. Defendant's conditions appear to be subject to routine medical care and are remedied with prescription medication. *Id*. Defendant's health is currently designated by the BOP as Level 1 – healthy/simple chronic care. Dkt No. 50-1 at 1.

While the Court notes that hypertension is among the Centers for Disease Control and Prevention's ("CDC") list of medical conditions that may increase the risk factors for Covid-19, Defendant's medical records indicate that he contracted Covid-19 in 2020 and recovered without any complications whatsoever. *See* Dkt. No. 50 at 4, n.1; Dkt. No. 50-2 at 5. Additionally, in

2021, Defendant received both doses of the Pfizer Covid-19 vaccine and the Moderna Covid-19 booster. *Id*. at 6. Medical records show that following his Covid-19 vaccination, Defendant was exposed to Covid-19. Dkt. No. 50-2 at 3. Following exposure, Defendant tested negative for Covid-19 and never experienced any symptoms, thereby indicating a successful immunization. *Id*. Additionally, the CDC ranks Defendant's age group of 30-39 years old at a lower risk of hospitalization and death following Covid-19 infection as compared to older age groups.[1] Finally, Yazoo City-Low is currently under "Level 1" Covid-19 operations, meaning that all inmate programming and services are operating normally, and social distancing is not required.[2] As of the date of this Order, there are only two confirmed active Covid-19 cases in the entire facility, including both inmates and staff.[3]

While the Tenth Circuit has yet to address this issue, other Circuit Courts have determined that the risk of Covid-19 is diminished where the prisoner has received the Covid-19 vaccination. *See e.g., United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. July 21, 2021) ("A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); *see also United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("[W]e agree with the Seventh Circuit that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason'

---

[1] CENTERS FOR DISEASE CONTROL AND PREVENTION, *Risk for COVID-19 Infection, Hospitalization, and Death by Age Group*, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-age.html (last visited May 18, 2022).
[2] FEDERAL BUREAU OF PRISONS, *USP Yazoo City*, https://www.bop.gov/locations/institutions/yap/ (last visited May 18, 2022).
[3] FEDERAL BUREAU OF PRISONS, *Covid-19 Cases*, https://www.bop.gov/coronavirus/ (last visited May 18, 2022).

warranting a sentence reduction."). When evaluating a defendant's § 3582 motion alleging COVID-19 health risks, a district court must balance this risk against its responsibility to uphold the reasons for imposition of a sentence of imprisonment. At issue is not the risk of infection, but the likelihood of life-threatening or serious chronic complications should an inmate become infected.

The record here clearly reflects that Defendant is not at undue risk. This finding is based on: Defendant's age; Defendant's medical records depicting comprehensive medical care, which includes prescribed medication to minimize risk and ongoing monitoring of his health concerns; his current low-level medical care classification; his prior COVID-19 infection and full recovery; and his vaccination against COVID-19. Defendant has not demonstrated that he is in jeopardy of life-threatening or serious health complications should he again contract the virus. The Court finds that Defendant's medical conditions and imprisonment at Yazoo City-Low, an institution currently experiencing only minimal COVID-19 infections, do not rise to the level of extraordinary and compelling reasons to warrant a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Because the Court finds that Defendant's Motion fails at step one of its analysis, it will not consider the remaining steps. *See Maumau,* 993 F.3d at 838 n.4. (citing *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Dkt. No. 47] is **denied**.

**IT IS SO ORDERED** this 18th day of May 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE