IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  **Plaintiff,**<br><br>v.<br><br>**CHRISTOPHER LEE GUNKEL,**<br><br>                  **Defendant.** | Case No. 16-CR-061-JFH |

## OPINION AND ORDER

Before the Court is Defendant Christopher Lee Gunkel's ("Defendant") second Motion for Reduction of Sentence ("Motion") filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Dkt. No. 64] and Supplement [Dkt. No. 67], filed on August 17, 2023 and September 5, 2023, respectively. In his Motion, Defendant argues that an extraordinary and compelling reason exists that warrants a reduction of his sentence. *Id.* Defendant requests that the Court reduce his sentence to time served, lengthen the term of supervised release commensurate with the unserved imprisonment term, and impose more restrictive conditions of supervised release. The Court has found that Defendant has exhausted his administrative remedies, giving the Court jurisdiction to consider his Motion. Dkt. No. 66. On September 15, 2023, the United States of America (the "Government") filed a response in opposition to Defendant's Motion. Dkt. No. 68. For the reasons set forth below, Defendant's Motion [Dkt. No. 64] is DENIED.

## BACKGROUND

On June 17, 2016, Defendant pled guilty to Counts 1 and 4 of the Indictment, charging him with Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a) and (e) (Count 1), and Extortion, in violation of 18 U.S.C. § 875(d) (Count 4). Dkt. No. 19. On May 3, 2017, United

States District Court Judge James H. Payne sentenced Defendant to a term of imprisonment of 180 months as to Count 1 and 24 months as to Count 4, to run concurrently, each with the other. Dkt. No. 39 at 2. The Court further imposed a five-year term of supervised release as to Count 1 and a one-year term of supervised release as to Count 4, to run concurrently, each with the other. *Id.* at 3. Defendant was also ordered to pay a $200 assessment. *Id.* at 7. Defendant is currently imprisoned at FCI Yazoo City-Low. His presumptive release date of June 4, 2029.

## STANDARD OF LAW

The Tenth Circuit has adopted a three-step test for considering motions for compassionate release. *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). The first step requires the Court to determine, at its discretion, whether "extraordinary and compelling reasons" exist to warrant a sentence reduction. *Id*. The second step requires that the Court find whether such reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. *Id.* The third step requires the Court to consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction authorized by steps one and two is warranted under the particular circumstances of the case. *Id*. The Court must address all three steps when granting such motion. *Maumau*, 993 F.3d at 831, n.4 (citing *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)). However, at step two, "the Sentencing Commission's existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants." *Maumau*, 993 F.3d at 834. Thus, "USSG § 1B1.13 is not presently an 'applicable' policy statement that controls the definition of 'extraordinary and compelling reasons' when a prisoner initiates a § 3582(c)(1)(A) proceeding." *United States v. Carr*, 2012 WL 1400705, at *1 (10th Cir. Apr. 14, 2021). Finally, if the Court finds that any of the three prerequisite steps are lacking, the Court may

deny the compassionate release motion without addressing the additional steps. *Maumau*, 993 F.3d at 838 n.4. (citing *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)).

## ANALYSIS

As to step one, the Court must determine, in its discretion, whether "extraordinary and compelling reasons" exist to warrant a sentence reduction. *Maumau*, 993 F.3d at 831. Defendant claims his unemployed father suffers from diabetes, atrial fibrillation, and heart failure, and his mother recently fell, resulting is a fractured knee and ankle and loss of employment. Dkt. No. 64 at 1-2. He advises that his mother's mistrust of the Bureau of Prisons and the U.S. Attorney's Office and HIPPA regulations prevent release of records confirming his parent's medical condition. Dkt. No. 67 at 1. In summary, Defendant argues that he is entitled to compassionate release because he is needed in the home to care for his elderly and incapacitated parents.

First, Defendant has not presented medical records or other supporting evidence establishing that his parents are medically incapacitated. He has failed to substantiate the severity of his parent's medical problems and the need for in-home care. The defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Next, as stated, the Sentencing Commission's existing policy statement is not applicable to motions filed directly by defendants. *Maumau*, 993 F.3d at 834. Thus, USSG § 1B1.13, comment (n.1(C)), which describes circumstances that constitute "extraordinary and compelling reasons" for a sentence reduction under § 3582(c), including (1) the death or incapacitation of the caregiver of the defendant's minor child or minor children or (2) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner, is not presently an applicable policy statement. Even if the

statement was applicable, the need to care for ailing parents is not included as a basis for reduction of sentence. Disruption of a defendant's life, and the concomitant difficulties for those who depend on defendant, are inherent in the punishment of incarceration. Family concerns resulting from a defendant's imprisonment are not ordinarily a factor to be considered at sentencing (*see* USSG §5H1.6, comment. (n. 1(B)), nor is this factor a viable reason for reduction of sentence under § 3582(c)(1)(A) at this time. Notably, the Sentencing Commission recently promulgated amendments to the Guidelines that will apply to prisoner-filed motions for compassionate release. The amendments include revisions to the policy statement in USSG § 1B1.13 and its commentary that will broaden the definition of "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A).[1] The proposed amendments are set to become effective November 1, 2023. A proposed change to the Family Circumstances category of extraordinary and compelling reasons is presented and applicable to cases where a defendant's parent is incapacitated, and the defendant is the *only availabl*e *caregiver* (emphasis added) for the parent. *See* proposed USSG § 1B1.13(b)(3)(C). Here again, even if the amended Guidelines were applicable, Defendant's reason would not qualify as extraordinary or compelling under these facts because Defendant is not "the only available caregiver" for his parents who reside in Tulsa, Oklahoma. Defendant has two adult brothers -- Richard Gunkel Jr., age 39, residing in Missouri and Jacob Gunkel, age 28, a resident of Tulsa, Oklahoma, both of whom could assist in his parent's care. *See* PSR, at ¶ 41.

The Court finds that Defendant's argument does not rise to the level of an extraordinary and compelling reason to warrant a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

---

[1] *Amendments to the Sentencing Guidelines,* UNITED STATES SENTENCING COMMISSION, https://www.ussc.gov/sites/default/files/pdf/amendment-process/readerfriendly-amendments/20230201_RF-proposed.pdf (last visited Sept. 20, 2023).

As the Court has found that the requirement at step one of the foregoing three-part test in *Maumau* has not been met, the other prerequisite steps need not be addressed.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Dkt. No. 64] is DENIED.

DATED this 21st day of September 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE